IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL KIP CLEVELAND, <br><br> Petitioner, <br><br> v. <br><br> A.P. KANE, <br><br> Respondent. <br> _____ | No. C 05-2193 MMC (PR) <br><br> **ORDER TO SHOW CAUSE** |

Petitioner, a California prisoner incarcerated at the California Training Facility, Soledad, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

**BACKGROUND**

In 1985, in Los Angeles County Superior Court, petitioner pled guilty to first degree murder with the use of a weapon, and was sentenced to state prison for a term of 25 years to life plus two years. He did not appeal that conviction. In January 2005, the California Department of Corrections began deducting 44% of every dollar earned by petitioner and has been applying the deducted sums to restitution ordered by the trial court in connection with petitioner's conviction. Petitioner, believing these deductions violated the terms of his plea agreement, attempted to obtain the transcript of the hearings concerning his plea agreement and entry of plea, for purposes of filing a petition for a writ of habeas corpus. The superior court denied his request for transcripts. Petitioner then filed a petition for a writ of habeas corpus in the California Court of Appeal, claiming the denial of the transcripts violated his constitutional rights. The petition was denied, and petitioner filed a petition for review of that denial, which petition was denied by the Supreme Court of California.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Legal Claims

Petitioner claims that he is indigent, and that the state trial court has denied his requests for a transcript of the trial court hearings regarding his entry of plea and plea agreement. According to petitioner, he needs the transcript to pursue a claim in a state habeas petition, specifically, a claim that a recent change in prison policy is causing a violation of his plea agreement. Petitioner's second claim is that the state courts have denied his requests for transcripts in a summary manner, which, petitioner asserts, violates California Rule of Court 4.551(g).

Petitioner's first claim, when liberally construed, is cognizable. Due process and equal protection require that indigent criminal defendants be provided free transcripts for use on appeal. Britt v. North Carolina, 404 U.S. 226, 227 (1971); Griffin v. Illinois, 351 U.S. 12, 18-20 (1956) (per curium). It is also a violation of equal protection for a state to deny an indigent petitioner a transcript for use in habeas proceedings, where such transcripts could be purchased by claimants with sufficient funds to do so. Long v. Dist. Court of Iowa, 385 U.S. 192, 194-95 (1966) (per curium).

Petitioner's second claim is not cognizable. First, errors of state law are not cognizable


in federal habeas corpus petitions. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Moreover, errors in the state post-conviction review process, such as the summary denials of petitioner's state habeas petitions, may not be addressed through federal habeas corpus proceedings. See Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998); see, e.g., Hopkinson v. Shillinger, 866 F.2d 1185, 1218-20 (10th Cir. 1989) (holding state court's summary denial of petition for post-conviction relief is procedural deficiency in review process that does no violence to federal constitutional rights); see also 28 U.S.C. § 2254(i) (holding claims of ineffective assistance of state or federal post-conviction counsel not cognizable on federal habeas review).

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1. Petitioner's second claim is DISMISSED for failure to state a cognizable claim for relief.

2. The Clerk of the Court shall serve by certified mail a copy of this order and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

3. Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claim. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of his receipt of the answer.

4. In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a

motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the Court and serve on petitioner a reply within 15 days of receipt of any opposition.

5. **Alternatively, respondent may notify the Court, within 60 days of the date this order is filed, a notice to the Court that he has furnished plaintiff with a copy of the transcripts he seeks from the 1985 proceedings in the Los Angeles County Superior Court. Accompanying such notice shall be a proof of service of the transcripts upon petitioner.**

6. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

7. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Upon a showing of good cause, requests for a reasonable extension of time will be granted as long as they are filed on or before the deadline which they seek to extend.

IT IS SO ORDERED.

DATED: July 6, 2005

      /s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge