IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAUL KIP CLEVELAND, | ) | No. C 05-2193 MMC (PR) |
| Petitioner, | ) ) | **ORDER GRANTING MOTION TO TRANSFER** |
| v. | ) ) | |
| A.P. KANE, | ) | **(Docket No. 3)** |
| Respondent. | ) ) | |
| _____ | ) | |

    Petitioner, a California prisoner incarcerated at the California Training Facility, Soledad,[1] and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, he claims that his constitutional rights are being violated by the state court's denial of his request for a transcript he assertedly needs in order to pursue a claim in state habeas proceedings, wherein he alleges that restitution deductions from his prison salary violate his plea agreement. Respondent has filed a motion to transfer the case to the Central District of California on the ground that petitioner's conviction was obtained in that district.

    A petition for a writ of habeas corpus filed by a person in custody under the judgment and sentence of a state court of a state that contains two or more federal judicial districts may be filed in either the district of confinement or the district of conviction. See 28 U.S.C. § 2241(d). Both such districts have concurrent jurisdiction to entertain the petition; however, the district court for the district in which the petition is filed may transfer the petition to the other district in the furtherance of justice. See id. Federal courts in California traditionally

---

[1] This facility is located in the Northern District of California.

1 have chosen to hear petitions challenging a conviction or sentence in the district of conviction,

2 which, in this instance, is the Central District of California.  <u>See</u> <u>Dannenberg v. Ingle</u>, 831 F.

3 Supp. 767, 767 (N.D. Cal. 1993); <u>Laue v. Nelson</u>, 279 F. Supp. 265, 266 (N.D. Cal. 1968).

4     As noted, petitioner is confined in the Northern District, but was convicted in the

5 Central District.  Although the assertedly improper garnishment of wages is alleged to have

6 occurred in this district, the petition does not challenge the garnishment itself.  Rather, the

7 petition challenges the state trial court's rejection of petitioner's motion for a transcript, and,

8 as noted, that court is located in the Central District.  Contrary to petitioner's opposition to the

9 motion, it is the terms of his conviction that are at issue in this case.  The petition states:

10 > Claim One:  "Petitioner has been <u>illegally denied</u> his Constitutional Right to <u>a copy of the transcripts</u> of his court proceedings, those transcripts are <u>required to facilitate</u> the successful prosecution of a writ of Habeas Corpus <u>challenging the terms of his plea bargain</u>.
> . . .
>
> Claim Two:  Petitioner has been denied due process when the <u>lower courts</u> summarily <u>denied his motion and petition</u> for a writ of Habeas Corpus Without stating reason(s) for the denial[.]

15 (<u>See</u> Petition, filed May 27, 2005, at 5 (emphasis added).)  The above-highlighted language

16 demonstrates that petitioner's complaint is with the state courts located in the Central District,

17 and not with the prison officials located in this district.

18     Accordingly, respondent's motion to transfer is GRANTED, and the above-titled action

19 is hereby TRANSFERRED to the United States District Court for the Central District of

20 California.

21     This order terminates Docket No. 3.

22     The Clerk shall close the file on the Northern District docket.

23     IT IS SO ORDERED.

24 DATED: September 19, 2005

25                                        MAXINE M. CHESNEY
                                       United States District Judge

*United States District Court*
*For the Northern District of California*